IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 3:05-mj-3101-DGW |
| | ) | |
| CHRISTOPHER M. STEWART, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the Motion for Reconsideration of Probable Cause Finding filed by the Defendant, Christopher M. Stewart, on December 22, 2005 (Doc. 9).  For the reasons set forth below, the motion is **DENIED**.

**BACKGROUND**

On December 21, 2005, a criminal complaint was filed which alleged that the Defendant was a felon in possession of a weapon.  The facts alleged in the complaint were conveyed to Federal Bureau of Investigation Agent Christopher D. Trifiletti or were known to him personally.  Specifically, the complaint alleges facts related to an incident on December 19, 2005 while the Defendant was in the home of his girlfriend, Ratoya White.  On that date, White called the Belleville, Illinois police department and, when the officers arrived, told them that the Defendant had a gun and had threatened her.  The police then handcuffed the Defendant and searched him, finding suspected drugs, but no gun.  The Defendant was then arrested and removed from the premises.

After the Defendant's arrest, White again conveyed to the police that the Defendant had threatened her and her children with a gun during an argument.  The police accompanied White while she searched for the gun.  They did not find a gun at that point, but did find suspected

drugs.  The police then obtained a search warrant and found additional suspected drugs and a

loaded 9 mm gun in a bedroom.  White told the police that it was the same gun that the

Defendant had threatened her with

On December 21, 2005, a preliminary hearing was held on the complaint.  After Agent

Trifiletti had testified and was cross-examined by the Defendant, this Court found probable

cause.  The Defendant now seeks reconsideration of the Court's finding of probable cause.

### DISCUSSION

Federal Rule of Criminal Procedure 5.1(c) provides that:

> At a preliminary hearing, the defendant may cross-examine
> adverse witnesses and may introduce evidence but may not object
> to evidence on the ground that it was unlawfully acquired.  If the
> magistrate judge finds probable cause to believe an offense has
> been committed and the defendant committed it, the magistrate
> judge must promptly require the defendant to appear for further
> proceedings.

The purpose of a preliminary hearing is to determine whether there is probable cause to believe

that a Defendant committed a crime and must, therefore, go through the expense and time of

trial.  As the Supreme Court has stated:

> In dealing with probable cause, however, as the very name implies,
> we deal with probabilities.  These are not technical; they are the
> factual and practical considerations of everyday life on which
> reasonable and prudent men, not legal technicians act.  The
> standard of proof is accordingly correlative of what must be
> proved."
>
> Gerstein v. Pugh, 420 U.S. 103, 121 (1975) (quotation marks and
> citations omitted).

As such, there can be no doubt that probable cause can be found on hearsay evidence and indeed

on evidence that may later be inadmissible because it was illegally obtained.

2

The Defendant does not challenge the hearsay nature of the evidence against him; rather, he asserts that a mere regurgitation of the criminal complaint at a preliminary hearing cannot meet the probable cause standard.  He asserts that if a witness is merely allowed to repeat what already has been stated in a complaint, without more, then the preliminary hearing is a nullity and would accomplish nothing.  The Defendant has not cited to specific, binding, authority that supports his position.

A criminal complaint is a "written statement of the essential facts constituting the offense charged." FEDERAL RULE OF CRIMINAL PROCEDURE 3.  The Court has discovered no case authority that would require the government to present additional evidence at a preliminary hearing if the allegations in a criminal complaint are sufficient to meet the probable cause standard.  If this were the rule, then the government would be required to withhold factual information from a complaint in order to have additional information available for a preliminary hearing.  This would serve no purpose.  At the preliminary hearing, Agent Trifiletti testified that Ratoya White stated that the Defendant threatened her and that he had a gun during an argument. He testified that the state police obtained a warrant to search the house and that they found a gun in the vicinity of where the Defendant had been prior to his arrest.  He further testified that the Defendant had been convicted of a felony at the time of the incident and that the weapon arrived into this state through interstate commerce.  As such, there was probable cause to believe that the Defendant was a felon in possession of a gun in violation of 18 U.S.C. §922(g)(1).

CONCLUSION

For the foregoing reasons, the Motion for Reconsideration of Probable Cause Finding filed by the Defendant, Christopher M. Stewart, on December 22, 2005 is **DENIED** (Doc. 9).[1]


**DATED: January 23, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[1] The Court hastens to add that it was impressed with the advocacy of both parties and the quality of the briefs that they each submitted.

4